**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES C. HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-6467 |
| v. ) | |
| ) | Hon. Edmond E. Chang |
| ) | |
| FAY SERVICING, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>MOTION TO DISMISS</u>**

NOW COMES Defendant, Fay Servicing, LLC ("Fay"), by and through its counsel, Smith & Weik, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss Plaintiff, James C. Harrington's Complaint, and in support thereof, states as follows:

**BACKGROUND**

On September 21, 2018, Plaintiff, through counsel (who has since been permitted to withdraw), filed his Complaint against Fay. The Complaint asserts two counts against Fay. Count I asserts various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Count II asserts a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"). Both counts relate to Fay's contacts with Plaintiff with respect to a delinquent mortgage loan account. Count I asserts violations of sections 1692d (harassment or abuse) and 1692f (unfair practices). Count II asserts Fay engaged in unfair acts. The Complaint alleges that on several occasions an agent for Fay hand delivered a letter, at Plaintiff's place of abode, which requested Plaintiff contact Fay to discuss options available, and that this conduct gives rise to the above referenced causes of action.

## AUTHORITY

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a compliant must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported be mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). When "the relevant dates are set forth unambiguously in the complaint," it is appropriate to consider the statute of limitations at the motion to dismiss stage. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). The question at this

stage is whether the Plaintiff's complaint includes a set of facts that if proven would establish a defense to the statute of limitations. See, *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

## ARGUMENT

**Plaintiff Fails to Allege Compliance with the Notice of Grievance Provision of the Mortgage**

The Complaint fails to plead any facts which establish Plaintiff complied with the mortgage's Notice of Grievance provision. The mortgage, at Section 20, contains a notice and cure provision, which states, in relevant part:

> Neither Borrower nor Lender may commence … any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Mortgage, p. 10. A recorded copy of Plaintiff's Mortgage is attached hereto as Exhibit A. While the Mortgage is not attached to the Complaint as an exhibit, the Mortgage is central to Plaintiff's claim and is referred to in the Complaint, and is authentic as it is a recorded copy of a public record. Documents that are referred to in a complaint, authentic, and central to a plaintiff's claim can be considered in a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

The Complaint does not allege that Plaintiff notified Fay, in accordance with Sections 15 and 20 of the mortgage, that Fay purportedly violated the FDCPA and engaged in unfair acts and practices and afford Fay with reasonable time to take corrective action. Plaintiff is the "Borrower" as that term is defined in the mortgage. See Exhibit A at definition B. Fay qualifies as the "Lender"

3

for purposes of Section 20 because the Mortgage states, "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Exhibit A at Section 13. Plaintiff asserts that Fay was transferred mortgage servicing rights prior to the filing of the instant law suit. See Complaint, ¶ 17. Additionally, Fay is an "assign" of the Lender under the mortgage and is entitled to the benefit of the notice and cure provision. *See Rodriguez v Rushmore Loan Management Services LLC*, 18-CV-1015, 2019 WL 423375, at *5 (N.D. Ill. Feb. 4, 2019) (servicer qualified as "Lender" under section 20 of the Mortgage and the "Mortgage gives Defendant, as the loan servicer, an 'identifiable interest' interest in the Mortgage—i.e. '[a]n assignment.' *Illinois Tool Works, Inc. v. Commerce and Industry Ins. Co.*, 962 N.E.2d 1042, 1048 (Ill. App. 2011). *See also Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 422 (9th Cir. 2017) (holding that Ocwen was not the defined "Lender," but had been assigned the servicing rights to the loan and thus could benefit from the notice and cure provision).

Courts have consistently dismissed FDCPA and other claims when the borrower fails to affirmatively plead compliance with the notice and cure provision. *See Rodriguez, supra*, 2019 WL 423375, at *6 ("the Court concludes that Plaintiff was required to comply with the Mortgage's notice and cure provision prior to filing this suit."); *Michael v. CitiMortgage, Inc.*, No. 16-CV-07238, 2017 WL 1208487, at *4 (N.D. Ill. Apr. 3, 2017) ("Here, the Court dismisses Plaintiff's claims because she failed to allege compliance with the notice provision in her contract."); see also *Giotta, supra, 706 F. App'x at 423* ("Because the Giottas failed to provide pre-suit notice to Ocwen in accordance with the Deed of Trust, the district court properly dismissed the case."); *Johnson v. Countrywide Home Loans, Inc.*, No 1:10CV1018, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (dismissing statutory claims (including FDCPA claim) for failure to plead compliance with

notice and cure provision); *Hill v. Nationstar Mortgage, LLC*, No. 15-60106-CIV, 2015 WL 4478061, at *3 (S.D. Fla. Jul. 6, 2015) (dismissing RICO, breach of contract and unjust enrichment claims for failure to plead compliance with notice and cure provision). Because the notice and cure provision applies and Plaintiff does not plead compliance, this Court should dismiss the Complaint.

### The Complaint Fails to Plead Factual Content, Which If Accepted as True, Would Allow the Court to Conclude That Fay Has Violated the FDCPA

The Complaint asserts Fay violated the FDCPA by harassing Plaintiff and by using unfair practices, in violation of sections 1692d and 1692f, respectively. The FDCPA does not define the terms "harassment" or "unfair practices" but instead gives examples of each. Plaintiff does not contend Fay violated any subsection under 1692d or 1692f. Instead the Complaint asserts a general violation of the prohibitions against harassment and unfair practices. The Seventh Circuit has stated that "as a matter of law, [a court] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation" under the unsophisticated consumer standard. *McMillan v. Collection Prof'l Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Durkin v. Equifax Check Servs.*, Inc., 406 F.3d 410, 414–15 (7th Cir. 2005) ("[W]e disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters.") (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000), *Gammon v. GC Servs., L.P.*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

When ruling on a motion to dismiss for failure to state a claim, the court accepts the Complaint's well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. *Sprint Spectrum L.P. v City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly*,

5

550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." *Id*. This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, the Complaint does not set forth sufficient factual allegations showing Plaintiff is entitled to relief under the FDCPA. The Complaint does not identify how the act of delivering a letter by hand, as opposed to delivery by the U.S. mail, equates to harassment or unfair practices. Nor does the Complaint assert that the contents of the letter violates any section of the FDCPA. Paragraph 20 of the Complaint cites language contained in the letter. The letter does not contain threats, profane or coercive language. Nor does the letter state or imply Fay is seeking to collect amounts not authorized by law or that Fay will dispossess Plaintiff from the subject property. The letter does not even demand payment. In fact, it does not appear Plaintiff has any issue with the contents of the letter, only that it was hand delivered several times.

The Complaint does not describe how hand delivery of the letter constitutes harassment or unfair practices. The Complaint does not allege that the person delivering the letter engaged in any harassing or unfair practices, only that the person delivered the letter, when the letter should have been delivered through the mail. The Seventh Circuit, in *McMillan v. Collection Professionals Inc.*, 455 F.3d 754 (7th Cir. 2006), explained that a plaintiff's "bizarre, peculiar, or idiosyncratic interpretation of a collection letter" shall not be entertained. *Id.* at 758. "To that end, a mere claim of confusion is not enough: a plaintiff must show that the challenged 'language of the letters unacceptably increases the level of confusion.'" *Durkin v. Equifax Check Services, Inc.*,

406 F.3d 410, 415 (7th Cir. 2005) (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)). "Courts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Plaintiff's Complaint does not does not set forth sufficient factual allegations which establish Fay's conduct was unfair or harassing or from which this Court could infer an intent by Fay to harass or commit unfair practices. Thus, the FDCPA count is not well pleaded and must be dismissed.

### Allegations of Contact in Excess of One Year Prior to the Filing of the Complaint Are Time Barred

The FDCPA provides that any claims to enforce liability must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, the Complaint sets forth the dates of the purported violations. The Complaint was filed on September 21, 2018, the following purported FDCPA violations, which occurred prior to September 21, 2017, are time barred: August 20, 2016 (¶ 19); September 2, 2016 (¶ 22); March 11, 14 and 18, 2017 (¶23); and June 7 and 10, 2017 (¶25). These acts cannot give rise to liability under the FDCPA and as such, the Complaint must be dismissed with respect to them.

### The Complaint Fails to Plead Factual Content, Which If Accepted as True, Allows the Court to Conclude That Fay Has Violated the ICFA

The Complaint asserts that Fay violated the ICFA by engaging in unfair acts and practices, but as discussed above, the Complaint does not set forth factual assertions from which this Court can infer or conclude that Fay engaged in harassment or unfair practices. These "threadbare" recitation of the elements does not meet the well pleaded standard and does not comply with the pleading standard set forth in Fed.R.Civ.P. 8(a). The Complaint relies on the "threadbare" recitation of the elements which are only supported by conclusory statements. This does not satisfy

7

the pleading standard in Federal court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Complaint asserts that Fay "engaged in unfair acts and practices" through harassment and intimidation but does not adequately allege conduct which constitutes harassment or intimidation. As such the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### The ICFA Claim Fails to Allege Plaintiff Suffered Actual Damages

The elements of a claim under the Illinois Consumer Fraud Act (815 ILCS 505/2 are: (1) the defendant committed a deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception; (3) the deception happened in the course of trade or commerce; and (4) the deception proximately caused the plaintiff's injury. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015) (citing *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 501 (1996)).

Because Plaintiff is a private party, an action brought under the ICFA requires Plaintiff to show he suffered "actual damage" as a result of Fay's purported violation of the act. *See, Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (citing 815 ILCS 505/10a; *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010); *Mulligan v. QVC, Inc.*, 382 Ill.App.3d 620, 626 (1st Dist. 2008). In a private ICFA action, the element of actual damages "requires that the plaintiff suffer actual pecuniary loss." *Kim*, 598 F.3d at 365 (internal citation omitted).

Plaintiff's actual damages must arise from "purely economic injuries." *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 912 (N.D. Ill. 2012) (citing *Cooney v. Chi. Pub. Schs.*, 407 Ill.App.3d 358, 365 (1st Dist. 2010). "Actual damages must be calculable and measured by the plaintiff's loss. *Morris*, 331 Ill.Dec. 819, 911 N.E.2d at 1053; see also *Price v. Philip Morris, Inc.*, 219 Ill.2d 182, 302 Ill.Dec. 1, 848 N.E.2d 1, 55 (2005) (Karmeier, J. concurring) (noting that a plaintiff must allege that she was harmed in a concrete, ascertainable way, meaning that the

defendant's deception made plaintiff tangibly worse off). Additionally, emotional damages do not constitute actual damages under the ICFA. *Morris*, 331 Ill.Dec. 819, 911 N.E.2d at 1053 (affirming trial court's dismissal of plaintiff's claim for relief under the ICFA where plaintiff alleged only emotional damages)." *Thrasher-Lyon*, 861 F. Supp. 2d at 912-13 (internal quotes omitted).

The Complaint does not allege any actual damages in the form of purely economic injuries. Rather, Plaintiff claims he "suffered emotional distress, annoyance, aggravation, and inconvenience." (¶ 41). Aggravation and inconvenience are not purely economic damages. See, *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 403 (1st Dist. 2009) ("There is no cause of action under the Consumer Fraud Act when a plaintiff alleges only aggravation and not actual damages." Citing, *Xydakis v. Target, Inc.*, 333 F.Supp.2d 686, 688 (N.D. Ill 2004)). Here, because actual, pecuniary damages is an element of the ICFA claim, Plaintiff must plead economic damages. Plaintiff does not plead any economic damages and therefore the ICFA claim must be dismissed.

        Respectfully submitted,

        Fay Servicing, LLC
        By:    */s/ Jonathan D. Nusgart*
        Counsel for Defendant

Jonathan D. Nusgart
Smith & Weik, LLC
1011 Lake Street, Suite 412
Oak Park, IL 60301
708-386-7206
jnusgart@smithweiklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2019, I filed the above pleading via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By:    */s/ Jonathan D. Nusgart*