UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.2
Eastern Division

James C Harrington
Plaintiff,

v.

Case No.: 1:18−cv−06467
Honorable Edmond E. Chang

Fay Servicing, LLC
Defendant.

### PLAINTIFF JAMES C. HARRINGTON'S RESPONSE TO DEFENDANT FAY SERVICING'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

NOW COMES Plaintiff James C. Harrington, Pro-Se in response to defendant Fay Servicing's MOTION TO DISMISS the complaint and states as follows:

On a **motion to dismiss for failure to state a claim**, "the court should not dismiss the complaint pursuant to Rule 12(b) (6) unless it appears ***"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"***. *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); *see also IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052-53 (2d Cir. 1993), *cert. denied,* 513 U.S. 822, 115 S. Ct. 86, 130 L. Ed. 2d 38 (1994). The Second Circuit stated that in deciding a Rule 12(b) (6) motion, a court may consider **"only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken"**. *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d **\*841** Cir.1993); *see also Paulemon v. Tobin,* 30 F.3d 307, 308-09 (2d Cir.1994); *Rent Stabilization Ass'n of the City of New York v. Dinkins,* 5 F.3d 591, 593-94 (2d Cir.1993) (citing *Samuels,* 992 F.2d at 15).

1

In paragraph (1), page (3) of Fay Servicing's Motion to Dismiss, Defendant argues that: **"the complaint fails to plead any facts which establish Plaintiff complied with the mortgage Notice of Grievance provision."** Defendant makes reference to paragraphs (15) and (20) of the mortgage instrument attached to their motion.

The complaint does not plead any breach of contract between the lender (as of September 27, 2013), ALRP Trust, the purported successor in interest, and the plaintiff arising out of any provision of the mortgage instrument that would obligate the Plaintiff to affirmatively plead compliance under paragraph (15) and (20) of the instrument, but rather, alleges damages arising out of, and the direct result of illegal debt collection practices the defendant used to attempt to collect a debt from the Plaintiff. Simply put, the mortgage instrument is not central to the complaint.

In paragraph 26 of the complaint, Plaintiff states: **"The Plaintiff expressly and unambiguously informed Defendant's representative that he refused delivery of the letter (on June 10, 2017) and to cease and desist future communications with him, including, returning to Plaintiff's property"**

In paragraph 40 of the complaint, Plaintiff states: **"Defendant violated 15 U.S.C. 1692f of the FDCPA by attempting to collect a debt from plaintiff notwithstanding his written cease and desist demands."**

If the court accepts Plaintiff's argument that the mortgage instrument is not central to the complaint, then the Plaintiffs pleading in paragraph 40 of the complaint is an "affirmative pleading" that plaintiff complied with Plaintiff's obligation under **15 U.S.C. 1692c of the FDCPA** which states, in relevant part:

*"(c) Ceasing communication: If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the*

*debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."*

The complaint should be a "**short and plain statement of the claim showing that the pleader is entitled to relief**", Fed.R.Civ.P. 8(a) (2), and that **"all pleadings shall be so construed as to do substantial justice"**, Fed.R.Civ.P. 8(f).

If the court accepts the Defendant's argument that the mortgage instrument is central to the complaint, then the Plaintiff's statement in paragraph 40 is "an affirmative pleading" because it pleads compliance with Plaintiffs obligation under paragraphs 15 and 20 of the mortgage instrument which states, in relevant part:

*"15. Notices. All notices given by borrower or Lender in connection with the security Instrument must be in writing. ….. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lenders address……"*

Either way, the complaint states that plaintiff provided Fay Servicing notice of their demand that Fay Servicing "Cease and Desist" *(take corrective action)* Thirteen (13) times **In Person** *(Paragraphs 24, 26, 29, 35)* , One (1) time **By Phone** *(Paragraphs 31, 35),* and Two (2) times **In Writing** *(Paragraphs 40, 45)* which stated, in relevant part:

**September 2, 2016**
*……Unfortunately you have sent a person in your employment to our home and place of business on August 30th and September 2nd to deliver what is essentially a "form" letter of no value and make demands of us. You have NOT contacted us in a more civil manner such as: phone, email, UPS, FEDEX, etc. We see this as a form of unnecessary and damaging harassment, and intimidation since we operate a business from home and your unannounced visits are harmful to that*

*business. Further, Ms. Harrington is handicapped and a Senior Citizen. Such unannounced visits together with the conversations and demands are harmful.*

*Please immediately Stop sending people to our home and place of business for any reason whatsoever and utilize a more civil means of communication………*

Plaintiff has complied with the "Notice to Cure Provision" of the mortgage instrument (paragraphs (15) and (20)) by providing written notice, mailed first class mail to the Defendants address: 440 S. LaSalle St., Suite 2000, Chicago, IL as illustrated above.

When Defendant failed, and in fact refused to discontinue the harassing visits, Mr. Harrington sent a second written request to: Mr. Adam Price., Codilis & Associates the attorney representing ALRP Trust and their "Assign" Servicing Company, Fay Servicing in the ongoing foreclosure case (paragraph 15 of the complaint).

Since Fay Servicing was refusing to take corrective action, and since Mr. Harrington was representing himself ProSe and was in constant communication with Mr. Price, Mr. Harrington "delivered" a second written letter to Mr. Price which stated, in relevant part:

*March 22, 2017*
*…..In the case of the current loan processor, Fay Servicing: we have been visited and harassed by a representative of their company on (Five) 5 separate occasions at our home and place of business. Specifically on 8-30-2016, 9-2-2016, 3-11-2017, 3-14-2017, 3-18-2017.*
*As you are aware, this is a clear violation of the Federal "Fair Debt Collection Practices Act." and, given the many avenues available to your client to communicate with us, this represents undo harassment and unfair practices, Further, when asked to discontinue this practice, we were told "it will continue until we contact them".*

4

***Therefore, please consider this letter our demand that you inform your client to immediately cease and desist with all current and future harassment…… .***

While it is well established under the FDCPA that communication with a debt collector's attorney does not constitute written notice to the Debt Collector, Mr. Harrington had exhausted all other avenues to end the harassment.

The complaint states that the plaintiff provided Fay Servicing a total of Sixteen (16) notices to **"Cease and Desist"** between August 30, 2016 and June 23, 2018 in compliance with **15 U.S.C. 1692c of the FDCPA, and the Notice and Cure provision of the mortgage.** Only after Fay Servicing failed to take corrective action, and Plaintiff was left no other alternative, did Plaintiff bring suit.

The sheer number of requests, together with the nearly two year span of time, afforded Fay Servicing reasonable time to take corrective action.

Since Plaintiff's complaint clearly demonstrates compliance with all notices under both the FDCPA and the mortgage instrument, the court should deny the portion of Defendants motion titled "**the complaint fails to plead any facts which establish Plaintiff complied with the mortgage Notice of Grievance provision**.

In paragraph (2), page (5) of Fay Servicing's Motion to Dismiss, defendant argues that: **"the complaint fails to plead factual content, which if accepted as true, would allow the court to conclude that FAY has violated the FDCPA."**

In order to protect consumers, Congress enacted the FDCPA *"to eliminate abusive debt collection practices by debt collectors."* **LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).** *"The [FDCPA] imposes civil liability on debt collectors for certain prohibited debt collection practices."* **Jerman v. Carlisle,**

5

*McNellie, Rini, Kramer & Ulrich L.P.A., 559 U.S. 573, 576, 130 S. Ct. 1605, 1608 (2010) (internal quotation marks omitted).*

While it is true that the FDCPA does not define the terms "harassment", "abuse", or "unfair practices, one common, and well-grounded definition of harass is to annoy. *See Black's Law Dictionary 784 (9th ed. 2009); Webster's Third New International Dictionary 1031 (1981). Accordingly, the words "harass" and "annoy" are interchangeable*.

In Illinois law, "Harass" or "Harassing" means *"knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, that would cause a reasonable person emotional distress and does cause emotional distress to another". (Source: P.A. 97-1108, eff. 1-1-13.)*

The content of the letters from the Defendant is not stated in the complaint to suggest that the content of the letter (taken independent of the delivery method) is, or would have been, considered "harassment" or "abuse" if they had been delivered through any reasonable method, such as U.S. Mail, FEDEX, UPS, DHL, etc. The complaint also does not plead that the "contents" of the letters (taken independent of the delivery method) violates any part of the FDCPA. Simply put, the contents of the letters are stated only to show how, trifling, paltry, inconsequential, the re-produced, unsigned "form letters" are.

The difference between hand delivering the "form" letters and simply mailing them is stated clearly and unambiguously in Paragraph (41) of the complaint. The Face-To-Face confrontation, annoyance, aggravation and inconvenience, as well as verbal demands and threats *"to continue to return until Plaintiff complied",* (Paragraph 19) that would not have occurred if the Defendant had simply sent the "form letters" first class mail. (See complaint paragraphs (13) through (40).

Given that any reasonable person would agree that sending one such letter by hand delivery is "not reasonable" under the circumstances, it follows that repeatedly committing this act Thirteen (13) times is "alarming" and "is likely to annoy and cause distress" and has the natural consequence of harassing or abusing the Plaintiff and causing the Plaintiff distress."

The complaint pleads this fact clearly and unambiguously by stating:

*"(38). The fact that Defendant could have easily contacted Plaintiff via mail, but chose not to do so, is indicative of the fact that Defendant's motivations in using repeated, and unwanted, in-person contact were to harass Plaintiff into contacting Defendant."*

Since Plaintiff's complaint clearly and unambiguously demonstrates Fay violated the FDCPA, the court should deny the portion of Defendants motion titled *"the complaint fails to plead factual content, which if accepted as true, would allow the court to conclude that FAY has violated the FDCPA."*

In paragraph (2), page (7) of Fay Servicing's Motion to Dismiss, defendant argues that: *"Allegations of contact in excess of One Year prior to the Filing of the Complaint are Time Barred."*

Paragraph (47) of the complaint states clearly and unambiguously that: *"Plaintiff is only seeking damages under the FDCPA for violations that occurred within one year of the date of the filing of this complaint"* rendering the Defendant's point mute with respect to the FDCPA and dates that may be "Time Barred", but does NOT render those dates not material to the complaint under the ICFA.

Since Plaintiff's complaint clearly and unambiguously clarifies the relevant portion of dates for claims under the FDCPA, but also incorporates all dates in

the complaint under the ICFA, the court should deny the portion of Defendants motion titled "**Allegations of contact in excess of One Year prior to the Filing of the Complaint are Time Barred.**"

In paragraph (3), page (7) of Fay Servicing's Motion to Dismiss, defendant argues that:   *"**The complaint fails to plead factual content, which if accepted as true, allows the court to conclude that Fay has violated the IFCA.**"*

This part of the Defendants argument has already been addressed in the paragraphs above.  Illinois law defines "Harass" or "harassing" as:  "***knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, that would cause a reasonable person emotional distress and does cause emotional distress to another. (Source: P.A. 97-1108, eff. 1-1-13.***

In the factual allegations stated in paragraphs (48) through (61) of the complaint, Plaintiff does not plead any damages arising out of "Deceptive Practices" under the 815 ILCS 505/2, but rather states factual allegations and damages arising out of defendants unlawful, unfair acts and practices, by harassing Plaintiff in order to coerce Plaintiff under 815 ILCS 505/2 which states, in relevant part:.

*(815 ILCS 505/2) (from Ch. 121 1/2, par. 262)*

*Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any.............. practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby **declared unlawful whether any person has in fact been misled, deceived or damaged thereby**. In construing this section consideration shall be given to the interpretations of the Federal Trade*

8

*Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. (Source: P.A. 78-904.)*

   The complaint further alleges upon information and belief, the Defendant systematically engages in such harassing conduct against consumers in Illinois in order to aggressively collect debts in default, or assumed to be in default, to increase their profitability at the consumers expense.

   Upon information and belief, administering such harassing actions against Illinois consumers, and indeed the Plaintiff gives the Defendant an unfair competitive advantage over businesses that collect debts lawfully.

   The complaint states sufficient factual matter, that if true, states a claim that is plausible on its face since the unannounced visits meet or exceed the Illinois Legal Definition of Harassing and since the defendants were told to "cease and desist" and chose to continue, and since the defendant chose to engage in this conduct at unreasonable times, with an unreasonable frequency.

   The factual matter plead in Count II of the complaint – Violations of the Illinois Consumer Fraud Act ICFA pertaining to **"Unfair Acts"**, **differ completely** from the argument in the Defendants Motion pertaining to **"Deceptive Practices"**.

   The Second Circuit stated that in deciding a Rule 12(b) (6) motion, a court may consider ***"only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken"***. *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d ***841*** Cir.1993); *see also Paulemon v. Tobin,* 30 F.3d 307, 308-09 (2d Cir.1994); *Rent Stabilization Ass'n of the City of New York v. Dinkins,* 5 F.3d 591, 593-94 (2d Cir.1993) (citing *Samuels,* 992 F.2d at 15).

   Since the Defendant argues ***facts not alleged in the pleadings***, the court should deny plaintiff's portion of the Defendants motion titled "The IFCA Claim

9

fails to Allege Plaintiff Suffered Actual Damages" and the Five (5) paragraphs under that heading.

It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman, 754 F.2d at 1067, and in doing so, it is well settled that the Court must accept the allegations of the complaint as true, see LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991); Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc., 879 F.2d 10, 14 (2d Cir.1989), cert. denied, 493 U.S. 1022, 110 S. Ct. 723, 107 L. Ed. 2d 743 (1990)*, and construe all reasonable inferences in favor of the plaintiff.

**WHEREFORE**, Plaintiff requests this honorable court to deny Defendants Motion to Dismiss or, in the alternative, grant Plaintiff Leave to Amend the complaint.

/s/James C. Harrington
**ProSe
James C. Harrington
34186 N. Redtop Rd.
Round Lake, IL  60073
(847) 740-1442**