IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.18-cv-6467 |
| FAY SERVICING, LLC, | ) | |
| | ) | Hon. Edmond E. Chang |
| | ) | |
| Defendant. | ) | Magistrate Judge Maria Valdez |

## PLAINTIFF'S INITIAL STATUS REPORT

Although the court has requested a "joint" initial status report, the Plaintiff was unable to reach an accord with Defense Council to report the status of Discovery accurately in a Joint Status Report and therefore respectfully submits the following initial status report. Defendant has chosen to submit a separate Initial Status Report

    a.    **Progress of Discovery:**

Plaintiff believes discovery is at an impasse requiring Judicial Supervision to complete. COVID-19 notwithstanding, Plaintiff has exhausted all methods to resolve, in good faith, the differences between the parties (including numerous letters, email, phone calls, and one in-person meeting with Defense Council) with no results forcing the Plaintiff to file a Motion to Compel Discovery DOC #69 submitted to the court concurrent with this report.

At the center of the Plaintiff's inability to reach an accord with the Defense are the many examples of the Defendants Discovery Misconduct illustrated in detail in Plaintiff's Motion to Compel Discovery DOC #69.

In the Defendant's MIDP responses and in their responses to Plaintiff's interrogatories the Defendant chose to withhold contact information on the two most obvious key witnesses identified by the Plaintiff. The first is a former employee of the Defendant named George Malleris who ordered more than one third of the "door knocks" outlined in the complaint. The Defendant first asserted that it did not have any contact information on Former Employees, but once Plaintiff showed that was not true, the Defendant attempted to "harass", "intimidate", and "threaten" the Plaintiff to prevent the Plaintiff from timely arranging a deposition of Mr. Malleris as follows:

On March 2, 2020, after Defendant continued to withhold the contact information on George Malleris, Plaintiff reached out through Social Media by sending a single message to George Malleris through Facebook to attempt to Identify and locate Mr. Malleris to arrange a Deposition. In retaliation, the Defendant immediately launched a campaign to "harass", "intimidate", and "threaten" the Plaintiff to block the Plaintiff from reaching George Malleris. Defendant contacted the law firm of *Codilis & Associates, P.C.*, who are engaged in the

1

Foreclosure action involving the Plaintiff in Lake County.  **Codilis & Associates** are the attorney of record for the lender in that case, **U. S. Bank National Association as Legal Trustee for Truman 2016 SC6 Trust**.   Plaintiff has no reason to believe Codilis & Associates represents FAY Servicing LLC.

Thereafter, on March 10, 2020 at 12:10 pm, Mr. Harrington received an email from his attorney in that action, Robert Magee, which reads in relevant part:

> "Dear Mr. Harrington,
>
> *Codilis reached out and advised that their client (assuming the mortgage company) has a former employee that you have contacted through Facebook.  Their client (presumably the mortgage company) is not pleased and wanted me to convey that they consider the conduct harassing.  I am not able to offer legal advice as to whether they have a valid position or not, but I did want to make you aware they may consider it to be.  I advised the Codilis attorney that our understanding was that Codilis' client was the Plaintiff Trust, through its Trustee.  If Codilis represents anyone else like the mortgage company, I invited them to let me or you know that."*

Within a few more hours, on March 10, 2020 at 4:07 pm, Mr. Harrington received another email, this time from Counsel for the Defendant Mr, Nusgart which reads in relevant part:

> *"Additionally, we received a report that someone is "stalking" George Malleris on Facebook.  I do not have any contact information for Mr. Malleris, but if there is something you need from Mr. Malleris I can try to get someone to forward that information to him."*

Only after Plaintiff refused to remove this egregious Discovery Misconduct from the information to be included in the Joint Initial Status report, did the Defense again change his story to now assert:

> **"FAY opposes deposing this former employee and believes that the Plaintiff  should depose a Rule 30(b)(6) corporate representative who is most knowledgeable about the allegations asserted in Plaintiff's complaint."**

If Mr. Malleris' testimony in this case was of so little value, then the Defendant would not have any motivation to go to all the trouble to block his deposition.

The second key witness is purportedly employed by a third party, business partner of the Defendant - **J. M. Adjustment, LLC (JMA) with headquarters located at: 44600 Delco Blvd, Sterling Heights, MI  48313** and known only to the Plaintiff as Anita.

J. M. Adjustment Services, LLC, with whom FAY has a long standing relationship, is a close enough business partner that JMA is written directly into FAY's procedures manual AMJA208 on "Door Knocking".   The Defendant contends:

> **"FAY has informed Plaintiff that it does not have information regarding the employee of its vendor."**

However, George Malleris had telephone conversations with the JMA Agent "live" while at the Plaintiff's residence.

On March 16, 2020, Plaintiff prepared a Third Party, Out of State, Subpoena for the personnel and payroll records of J. M. Adjustment, LLC (JMA) to obtain the contact information being withheld for Anita. Thereafter, due to the entry of General Order 20-0012, and due to the shelter in place order in Michigan, Plaintiff was unable to obtain the Clerk of courts signature on the Subpoena, or effect service of the aforementioned Subpoena in Michigan.

On April 19, 2020, Plaintiff prepared a Motion to Compel Discovery and prior to filing with the court on May 28, 2020, forwarded a copy to the Defendant in a final good faith effort to resolve the long list of failures on the part of the Defendant to comply with the standing order of this court (MIDP) and the rules of discovery. After more than 30 days, The Defense has given no indication of a willingness to cooperate or supplement its responses.

  b.  **Status of Briefing on Unresolved Motions:**

On May 28, 2020, Plaintiff filed its Motion to Compel Discovery with the court DOC #69. However, based on the Fourth Amended Order Plaintiff can't notice this motion for presentment until after July 15, 2020. Fact Discovery is currently extended by the three preceding Amended Orders until June 13, 2020.

  c.  **Settlement Efforts:**

Defendant inquired about the possibility of an early settlement and Plaintiff, proceeding *pro se*, thereafter made a settlement demand which was rejected by Defendant, without a counteroffer. The parties do not believe settlement is attainable at this time.

  d.  **Proposed schedule for next 45 days:**

The Plaintiff is respectfully requesting Judicial intervention as a last resort to move discovery forward and complete the following recommended revised discovery and dispositive motion schedule.

  e.  **Revised discovery and dispositive motion schedule:**

i.  The parties propose any discovery responses be supplemented within 30 days.

ii.  Plaintiff's motion to Compel Discovery filed with the court will be noticed for presentment as soon as the court's calendar will allow after July 15, 2020.

iii.  Plaintiff's Third Party, Out of State Subpoena of JMA records should be served on JMA as soon as the Clerk's Office is available to sign the Subpoena, and the stay at home order is lifted in Michigan.

iv. Depositions are to be scheduled and taken within 60 days after the court has resolved all matters resulting from the Third Party, Out of State Subpoena of JMA (which the Plaintiff understands JMA will oppose), and after the court has ruled on Plaintiff's Motion to Compel Discovery.

v. Dispositive motions be scheduled after a status conference following completion of discovery.

**f.** **Agreed action by the Court (without court hearing):**

The parties request the Court enter an order extending fact discovery and set a status date approximately 90 days out, as well as an immediate conference to move discovery forward.

**g.** **Telephonic hearing:**

The parties request a telephonic hearing at this time.

Dated: May 28, 2020

By: _/s/ James C. Harrington_
34186 N. Redtop Road
Round Lake, IL 60073
info@threehandyguys.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, I filed the above document via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By: _/s/ James C. Harrington_